**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SAUNDRA WOZNIAK

    Plaintiff,

v.

                              Case No: 8:13-CV-1396-23-TBM

AUDIT SYSTEMS, INC.

    Defendants.

_____/

**CASE MANAGEMENT REPORT**

1.    Meeting of Parties: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **8/30/13** (date) at **10:30 A.m.** (time) (check one) (_**X**_) by telephone (or) (_____) (place) and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| **Dennis A. Creed, III, Esquire** | **Plaintiff** |
| **Vincent B. Lynch, Esquire** | **Defendant** |

2.    Initial Disclosures:

    a.    Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1 )(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed R. Civ. P. 26(a)(1).

The parties (check one)

____**X**____   have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A) (D) or agree to exchange such information on or before **10/30/13** (date).[2]

_____   stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1 )(A)-(D) for the specific reason(s) that:
_____
_____
_____

_____   have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).  (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:
_____
_____
_____

3.   Discovery Plan - Plaintiff:  The parties jointly propose the following Plaintiff's discovery plan:

   a.   Plaintiff's Planned Discovery:  A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (1)   Requests for Admission:

      **Subject to the limits set by Fed.R.Civ.P. and the Local Rules, Plaintiff shall seek discovery within the time set forth by the Court with respect to the issues raised in the parties' pleadings – including, without limitation, all claims of liability, alleged damages, and all defenses raised to Plaintiff's claims.**

      Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

      (2)   Written Interrogatories:

      **Subject to the limits set by Fed.R.Civ.P. and the Local Rules, Plaintiff shall seek discovery within the time set forth by the Court with respect to the issues raised in the parties' pleadings – including, without**

---

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order.  See Fed. R. Civ. P. 26(a)(1).

2

**limitation, all claims of liability, alleged damages, and all defenses raised to Plaintiff's claims.**

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3)     Requests for Production or Inspection:

**Subject to the limits set by Fed.R.Civ.P. and the Local Rules, Plaintiff shall seek discovery within the time set forth by the Court with respect to the issues raised in the parties' pleadings – including, without limitation, all claims of liability, alleged damages, and all defenses raised to Plaintiff's claims.**

(4)     Oral Depositions:

**Subject to the limits set by Fed.R.Civ.P. and the Local Rules, Plaintiff shall seek discovery within the time set forth by the Court with respect to the issues raised in the parties' pleadings – including, without limitation, all claims of liability, alleged damages, and all defenses raised to Plaintiff's claims.**

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|
| **N/A** | | |

b.    Disclosure of Expert Testimony:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:
        **6/1/14**

3

    c.    <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Within 10 days from discovering the necessity of a supplementation, but in no event later than the close of discovery.**

    d.    <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before **8/1/14** (date).

4.    <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

    a.    <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

    (1)    <u>Requests for Admission</u>:

**Subject to the limits set by Fed.R.Civ.P. and the Local Rules, Defendants shall seek discovery within the time set forth by the Court with respect to the issues raised in the parties' pleadings – including, without limitation all claims of liability, alleged damages, and all defenses raised to Plaintiff's claims.**

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

    (2)    <u>Written Interrogatories</u>:

**Subject to the limits set by Fed.R.Civ.P. and the Local Rules, Defendants shall seek discovery within the time set forth by the Court with respect to the issues raised in the parties' pleadings – including, without limitation, all claims of liability, alleged damages, and all defenses raised to Plaintiff's claims.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

    (3)    <u>Requests for Production or Inspection</u>:

**Subject to the limits set by Fed.R.Civ.P. and the Local Rules, Defendants shall seek discovery within the time set forth by the Court with respect to the issues raised in the parties' pleadings – including, without**

**limitation, all claims of liability, alleged damages, and all defenses raised to Plaintiff's claims.**

(4) <u>Oral Depositions</u>:

**Subject to the limits set by Fed.R.Civ.P. and the Local Rules, Defendants shall seek discovery within the time set forth by the Court with respect to the issues raised in the parties' pleadings – including, without limitation, all claims of liability, alleged damages, and all defenses raised to Plaintiff's claims.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | <u>Proposed length of Deposition</u> | <u>Grounds</u> |
|---|---|---|
| **N/A** | | |

b. <u>Disclosure of Non-Expert Testimony</u>: Parties stipulate that they will disclose all non-expert witnesses by the date listed below (no later than sixty (60) days prior to pre-trial conference):
**6/2/14**

c. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:
**6/2/14**

d. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Within 10 days from discovering the necessity of a supplementation, but in no event later than the close of discovery.**

e. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before **8/1/14** (date).

5. <u>Joint Discovery Plan - Other Matters</u>: Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

   **A. The parties shall negotiate a mutually satisfactory confidentiality agreement should the need arise.**

   **B. Pursuant to Fed. R. Civ. P. 26(f)(3), counsel for the parties conferred as to whether there were any issues relating to the disclosure or discovery of electronically stored information ("ESI"). The parties do not anticipate the need for disclosure or discovery of ESI; however, should ESI need to be produced, it will be produced in native, .tif or .pdf format or, if for some reason electronic production is not functional, at the option of the receiving party, in paper format, or by inspection/review of documents as they are kept in the usual course of business.**

   **C. The parties agree to review all documents to be produced prior to production in order to minimize the potential for inadvertent exposure of privileged information and work product. The parties, however, recognize that some privileged or work-product information may be disclosed inadvertently with ESI, and they agree that such inadvertent disclosure shall not constitute a waiver of any privilege or work-product protection. In the event that privileged or work-product information is disclosed, counsel for the parties shall work together to facilitate return of the information to the party who produced it and/or its retrieval from the non-producing party. The parties each reserve the right to assert privilege and work-product objections to the production of ESI.**

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

   **N/A**

7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties, motions for summary judgment, and all other potentially dispositive motions should be (Note time limit in Local Rule 4.03.):

   - **Motions to File Third Party Claims and Join Parties: 10/30/13**
   - **Motions for Summary Judgment and Other Potentially Dispositive Motions: 8/1/14**

8.  <u>Settlement and Alternative Dispute Resolution</u>: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is (check one)

_____ likely

\_\_\_\_**X**\_\_\_\_\_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
_____ yes   \_**X**\_ no    \_\_\_\_\_ likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.


9.  <u>Consent to Magistrate Judge Jurisdiction</u>: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.
_____yes   \_\_**X**\_\_\_no   _____likely to agree in future.

10. <u>Preliminary Pretrial Conference</u>:

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases: Parties
_____ request (check one)
\_\_\_**X**\_\_\_\_ do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

11. <u>Final Pretrial Conference and Trial</u>: Parties agree that they will be ready for a final pretrial conference on or after **September 30, 2014** (date) and for trial on or after **October 27, 2014**. This **Jury** trial is expected to take approximately **3 days**.

7

12.     Pretrial Disclosures and Final Pretrial Procedures:  Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13.     Other Matters:

      **N/A**

| | |
|---|---|
| /s/Dennis A. Creed, III | /s/ Vincent B. Lynch |
| Dennis A. Creed, III | Vincent B. Lynch, Esq. |
| Florida Bar No. 0043618 | Florida Bar No. 09187801 |
| E-mail:  dcreed@ffmlawgroup.com | vincent@execlawgroup.com |
| FELDMAN MORGADO, P.A**.** | Executive Law Group, PL |
| 501 N. Reo Street | 3001 N. Rocky Pointe Dr. E. Suite 208 |
| Tampa, Florida 33609 | Tampa, Florida 33607 |
| Telephone: 813-639-9366 | Phone: (813) 367-3505 |
| Facsimile:  813-639-9376 | Facsimile: (813) 333-7321 |
| ***Counsel for Plaintiff*** | ***Attorney for Defendant*** |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 18th, 2013, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Vincent B. Lynch, Esq.
Executive Law Group, PL
3001 N. Rocky Pointe Dr. E. Suite 208
Tampa, Florida 33607
vincent@execlawgroup.com

                                            /s/Dennis A. Creed, III
                                            Dennis A. Creed, III